UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-60462-JB

FRANCIS MARTIN BESTARD MATOS,

      Petitioner,

vs.

BROWARD TRANSITIONAL CENTER,

      Respondent.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Francis Martin Bestard Matos' Verified Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondent filed a Return opposing the Petition. ECF Nos. [9]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

### I.    BACKGROUND

Petitioner is a Cuban citizen who has resided in the United States since February 2022. ECF No. [9-1]. There is no indication in the record that Petitioner has a criminal history. On February 23, 2022, Customs and Border Protection ("CBP") first encountered Petitioner at the United States/Mexico border and issued him a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby

1

initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a).  ECF No. [9-2].  CPB then released Petitioner on his own recognizance and instructed him to report to any future hearing date before the U.S. Executive Office for Immigration Review ("EOIR").  ECF No. [9] at 2.

Petitioner complied with CPB's instructions.  On August 20, 2025, Petitioner appeared before an EOIR immigration judge ("IJ") for his second master calendar hearing.  *Id*.  At the hearing, the U.S. Department of Homeland Security ("DHS") made an *ore tenus* motion to dismiss Petitioner's removal proceedings pursuant to 8 C.F.R. § 1239.2(c).  *Id*.; ECF No. [9-3].  Petitioner opposed the motion to dismiss because "he wishes to pursue asylum before the [immigration] court" and "request[s] a continuance to file a response and object[ion] to the timeliness of DHS['s] motion as it did not afford [him] time to respond."  *Id*. at 2.  The IJ granted DHS's motion to dismiss over Petitioner's objection and dismissed the removal proceedings without prejudice.  *Id*.

Immediately thereafter, the U.S. Department of Immigration and Customs Enforcement ("ICE") detained Petitioner and issued him a Notice and Order of Expedited Removal pursuant to 235(b)(1) of the INA, which is codified at 8 U.S.C. § 1225(b)(1), charging Petitioner with inadmissibility under section 212(a)(7)(A)(i)(I) of the INA. ECF No. [9-4].  Petitioner has continuously been in ICE custody since August 20, 2025, and is currently being held at the Broward Transition Center in Pompano Beach, Florida.  ECF Nos. [1] at 1, [9] at 2.  In addition, Petitioner's appeal

of the IJ's dismissal order is currently pending before the Board of Immigration Appeals.  ECF No. [9] at 3.

On February 19, 2026, Petitioner, proceeding *pro se*, filed the instant Petition. ECF No. [1].   Petitioner challenges the constitutionality of his "prolonged immigration detention without an individualized bond hearing" and requests that the Court order his "immediate release from ICE custody" or, in the alternative, "order an individualized bond hearing before a neutral decision-maker."  *Id.* at 6–7. Petitioner also requests "an emergency stay of removal." *Id.* at 7.

Respondent filed a Response to the Petition.  ECF No. [9].  Respondent argues that the Court does not have subject matter jurisdiction over the Petition pursuant to 8 U.S.C. §§ 1252(a)(2)(A)(i), 1252(e), and 1252(a)(2)(B)(ii).  *Id.* at 3–8.  Respondent also argues that Petitioner is not eligible for a bond hearing because he is in expedited removal under 8 U.S.C. § 1225(b)(1).  *Id.* at 8–10.  Respondents further assert that Petitioner's detention does not violate the Due Process Clause of the Fifth Amendment, and dismissal is warranted because Petitioner failed to exhaust his administrative remedies.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction

extends to challenges involving immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

    A.  <u>Petitioner's Detention Violates Due Process</u>

Another court in this Circuit recently considered the same factual circumstances and legal arguments raised in this case.  In *Gonalez-Carmona v. Ripa,* the district court addressed, at length, whether it had jurisdiction over the petitioner's habeas claims and whether the petitioner's detention violated due process.  No. 25-cv-1128, 2025 WL 3649577, at * 1 (M.D. Fla. Dec. 17, 2025).  The *Gonzalez-Carmona* court recognized, as have courts outside this Circuit, "a common pattern" that has emerged:

> [W]ith DHS first moving orally (without any advance notice) to dismiss the individual's pending section 240 proceedings, then arresting the individual at the courthouse immediately upon the dismissal of their section 240 proceedings, and then, finally, placing the individual in expedited removal proceedings through which they can be deported far more quickly, and with far less process, than they would have been in section 240 proceedings.

*Id.* at * 2 (quoting *Make the Road New York v. Noem*, 2025 WL 2494908, at * 5 (D.D.C. 2025)).

In a thorough and well-reasoned opinion, the *Gonzalez-Carmona* court rejected the respondents' jurisdictional arguments and concluded that "the Suspension Clause [of the U.S. Constitution] prevents section 1252(a)(2)(A) or any other section of the INA from stripping the Court of jurisdiction over [Petitioner's] challenge to the legality of his detention."  *Id.* at * 3 (collecting cases).  On the merits, the *Gonzalez-Carmona* court rejected the respondents' exhaustion argument because the petition "challenges the legality of his current detention, which stems from the designation

for expedited removal, revocation of parole, and courthouse arrest. The INA provides no administrative review of those decisions." *Id*. The *Gonzalez-Carmona* court also found that "ICE violated [Petitioner's] right to due process by revoking his parole, designating him for expedited removal, and detaining him without reasonable notice and a meaningful opportunity to be heard." *Id*. at 5. As such, the *Gonzalez-Carmona* court held that "[P]etitioner's detention violates his right to due process under the Fifth Amendment." *Id*.

The Court finds the analysis set forth in *Gonzalez-Carmona* persuasive and adopts its reasoning, which is incorporated by reference herein. Accordingly, for the reasons set forth in *Gonzalez-Carmona*, the Court finds that it has jurisdiction over the Petition, dismissal is not warranted for failure to exhaust administrative remedies, and Petitioner's detention violates the Due Process Clause of the Fifth Amendment. *See Gonzalez-Carmona*, 2025 WL 3649577 at *2–5; *see also, Perez v. Mordant*, No. 25-cv-00947, 2025 WL 3466956, at * 1 (M.D. Fla. Dec. 3, 2025); *Urra Dorta v. Mordant*, No. 26-cv-217, 2026 WL 452407, at * 1 (M.D. Fla. Feb. 18, 2026); *Boutta v. Raycraft*, No. 25-cv-1559, 2025 WL 3628232, at * 1 (W.D. Mich. Dec. 15, 2025).

B. <u>Petitioner's Detention is Governed By 8 U.S.C. § 1226(a)</u>

Given the Court's conclusion that Petitioner's detention pursuant to 8 U.S.C. § 1225(b)(1) violates due process, Respondent's argument that Petitioner is not entitled to a bond hearing because he is in expedited removal is not well-taken. Petitioner's detention is properly governed by 8 U.S.C. § 1226(a). Federal

immigration law "authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).  Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release.  *See* 8 U.S.C. § 1226(a).  The statute thus "establishes a discretionary detention framework."  *Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025).  Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention."  *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

The NTA that CBP issued to Petitioner upon first encountering him in 2022 did not classify Petitioner as an "arriving alien."  ECF No. [9-2].  Instead, the NTA charged him as "present in the United States without admission or parole."  *Id.*  This classification places him squarely within section 1226.  *See e.g., Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025) (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner

"certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes*, 2025 WL 2609425 at *5. As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g.*, *Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425,

7

at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* recently issued a decision in Respondents' favor. *See* No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). However, the *Buenrostro-Mendez* decision is not controlling on this Court, and the Eleventh Circuit has not ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ. As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination rests on an incorrect statutory interpretation and contravenes the INA.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Petitioner Francis Martin Bestard Matos's Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondent shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.      All other claims set forth in the Petition are **DISMISSED WITHOUT PREJUDICE**.

3.      The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 13th day of March, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**